IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES W. SMITH | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-3688 |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |

MEMORANDUM AND ORDER

Kauffman, J.                                                                                                May  28,  2008

Now before the Court are the Motions to Dismiss of Defendants County of Bucks and Harris Gubernick (the "Bucks County Motion") and Defendants Northampton County and Northampton County Department of Corrections Director (the "Northampton County Motion"). For the reasons discussed below, the Motions will be granted.

I. BACKGROUND

Plaintiff James W. Smith ("Plaintiff"), appearing pro se, is an inmate who has filed a civil rights action against multiple parties, including the County of Bucks and Harris Gubernick[1] (the "Bucks County Defendants") and Northampton County and Northampton County Department of Corrections Director (the "Northampton County Defendants"). With respect to the Bucks County Defendants, Plaintiff alleges, inter alia, that while incarcerated in the Bucks County Correctional Facility: (1) he was given only two cheese sandwiches rather than a hot meal; (2) he

---

[1] Although Defendant Gubernick is identified in the Complaint as the superintendent of Bucks County Correctional Facility, he is actually the Director of the Bucks County Department of Corrections, which administers the Bucks County Correctional Facility.

asked to see a doctor but was transferred out of the facility before his scheduled appointment; (3) he was not given a diabetic meal or his medication; (4) he was placed in a holding cell and not permitted to use a restroom outside the cell; and (5) an unnamed judge held a hearing without giving him notice or access to an attorney.  See Compl. ¶¶ 35-45.[2]  With respect to the Northampton County Defendants, Plaintiff alleges, inter alia, that while incarcerated at Northampton County Prison: (1) unnamed officers threw his neatly folded personal belongings into a trash bag;[3] (2) he was unable to visit the commissary to purchase socks and underwear; (3) he requested to see a doctor and psychiatrist but never met with either; and (4) he was given Motrin and told to take it or be written up.  See id. ¶¶ 46-54.[4]

On October 5, 2006, Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983.  The Bucks County Defendants and the Northampton County Defendants have moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[5]  Plaintiff has failed to respond

---

[2]     Defendant's handwritten Complaint provides few dates or specific details with respect to his incarceration at the Bucks County Correctional Facility, but it appears that these events occurred during September 2004.  See Compl. ¶ 40.

[3]     In the final paragraph of the Complaint, Plaintiff alleges that his personal belongings were not available to him at the time of his discharge from Northampton County Prison.  See Compl. ¶ 54.  It is unclear whether these belongings were lost permanently, or whether he was able to retrieve them at a later date.

[4]     As above, Plaintiff does not explain specifically when these events occurred, but given his references to "September," see Compl. ¶ 49, it appears that these events occurred later in September 2004, after he was transferred from the Bucks County Correctional Facility to Northampton County Prison.

[5]     Defendants also seek dismissal under Federal Rule of Civil Procedure 4(m) because they were not served within 120 days of the filing of the Complaint.  Plaintiff, however, was granted in forma pauperis status, and the United States Marshals Service was directed to serve process on Defendants.  On January 1, 2007, before the 120-day deadline expired, Plaintiff provided the Marshals Service with the necessary form for service of process, but Defendants

to either Motion.[6]

## II. LEGAL STANDARD

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court is required "to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). In deciding a 12(b)(6) motion, "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). "To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007) (citations omitted in original) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)). Because Plaintiff is appearing pro se, the Court will construe his

---

were not served until after the 120-day period expired. See docket no. 9. Because Plaintiff was entitled to rely on the Marshals Service to effect service of process, the Court declines to dismiss the Complaint pursuant to Rule 4(m). See Wilson v. Vaughn, 1996 U.S. Dist. LEXIS 3068, at *2-3 (E.D. Pa. Mar. 14, 1996) ("A plaintiff proceeding in forma pauperis is entitled to rely on the United States Marshals Service to serve process. As long as the plaintiff provides adequate information to identify the party to be served, a complaint should not be dismissed under Rule 4(m) for the Marshals Service's failure to effectuate proper service.").

[6] The Third Circuit has cautioned against granting motions to dismiss as unopposed "without any analysis of whether the complaint failed to state a claim upon which relief can be granted." Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991); see also Chocallo v. IRS Dep't of the Treasury, 145 F. App'x 746, 748 (3d Cir. 2005) ("The District Court erred . . . by relying on a local rule to grant the motion to dismiss a pro se litigant's complaint as unopposed without undertaking a merits analysis."). Because Plaintiff is appearing pro se in this matter, the Court will conduct a merits analysis despite his failure to respond to the Motions.

Complaint liberally and subject it "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).

**III. DISCUSSION**

Plaintiff brings his Complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

"[T]o establish a claim under 42 U.S.C. § 1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law." Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995) (quoting Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993)). "[A] civil rights complaint is adequate where it states the conduct, time, place, and persons responsible." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980)).

Plaintiff's Complaint presents a series of grievances but does not refer specifically to any federal or constitutional right allegedly violated by his treatment. Construing the Complaint generously, the Court finds that Plaintiff could be alleging that the Bucks County Defendants and the Northampton County Defendants violated his Eighth Amendment rights by exhibiting deliberate indifference to his serious medical needs (i.e., by not giving him a diabetic meal or

medicine and by intentionally delaying his medical treatment).[7] See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (explaining that a deliberate indifference claim can be based on a prison official's act of "intentionally denying or delaying access to medical care"); Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (explaining that a deliberate indifference claim requires a plaintiff to demonstrate "(1) that the defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious" and noting that diabetes qualifies as a serious medical illness).[8]  As discussed below, however, even assuming that Plaintiff is attempting to bring a deliberate indifference claim, the Complaint must be dismissed because he has failed to allege any facts that would state a claim against Defendants.

### A. Individual Defendants

With respect to Defendants Gubernick and Northampton County Department of

---

[7] Many of Plaintiff's claims, such as the substitution of two cheese sandwiches for a hot meal and the denial of his request to use a private restroom rather than the facility located in the cell, are de minimis and do not state a claim for relief. See, e.g., Rhodes v. Chapman, 452 U.S. 337, 347 (1981) (explaining that the Eighth Amendment is violated when prison conditions "deprive inmates of the minimal civilized measure of life's necessities," but "[t]o the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society"). To the extent he claims a court held a hearing without proper notice to him, he makes no allegation that the Bucks County Defendants are responsible for this lack of notice or the court's decision to hold a hearing. To the extent Plaintiff alleges that his personal property was misplaced or destroyed, Pennsylvania provides a constitutionally adequate postdeprivation remedy in the form of an inmate grievance procedure. See, e.g., Durham v. Dep't of Corr., 173 F. App'x 154, 157 (3d Cir. 2006) ("We have previously found that the Pennsylvania Department of Corrections' grievance procedure provides an adequate post-deprivation remedy." (citing Tillman v. Lebanon County Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000))).

[8] Medical malpractice and negligence are insufficient to establish a deliberate indifference claim. See Monmouth County Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987). While it is unclear from the face of Plaintiff's Complaint whether the alleged wrongdoing was merely negligent, the Court will construe the pro se pleading liberally and presume that Plaintiff is attempting to raise a deliberate indifference claim.

Corrections Director, Plaintiff has made no allegation as to their personal involvement in any of the events he describes. "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." Id. Plaintiff makes no claim that Defendants Gubernick and Northampton County Department of Corrections Director had any knowledge of his need for medical treatment or the alleged delays in his treatment, nor does he allege that they participated in the alleged wrongdoing. Indeed, Plaintiff does not refer to either individual anywhere other than in the caption of the Complaint. Accordingly, because he has not alleged any personal involvement with respect to these Defendants, the claims against them will be dismissed. See, e.g., Smith v. O'Boyle, 251 F. App'x 87, 89 (3d Cir. 2007) (affirming the dismissal of a prisoner's claim of inadequate medical treatment against two defendants where the plaintiff made no specific allegations of their personal involvement); Anderson v. Bureau of Prisons, 176 F. App'x 242, 244 (3d Cir. 2006) ("Anderson simply identifies the defendants by their titles in his complaint and does not mention them anywhere in his statement of the claim. As there is no respondeat superior liability in a civil rights action, he cannot hold these defendants responsible for the acts of their subordinates simply because of their supervisory positions.").

    B. **Municipal Defendants**

With respect to Defendants County of Bucks and Northampton County, "[a] municipality is liable under § 1983 when a plaintiff can demonstrate that the municipality itself, through the

implementation of a municipal policy or custom, causes a constitutional violation." Colburn v. Upper Darby Twp., 946 F.2d 1017, 1027 (3d Cir. 1991) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-95 (1978)). "Liability will be imposed when the policy or custom itself violates the Constitution or when the policy or custom, while not unconstitutional itself, is the 'moving force' behind the constitutional tort of one its employees." Id. (citing Polk County v. Dodson, 454 U.S. 312 (1981)). In the instant case, Plaintiff presents a series of isolated grievances, but does not allege that the municipal Defendants implemented any customs or policies that allowed the wrongdoing to occur. Accordingly, the claims against the municipal Defendants will be dismissed. See, e.g., Burke v. Ocean County Prosecutor's Office, 2008 U.S. Dist. LEXIS 8646, at *7 (D.N.J. Feb. 4, 2008) (dismissing a claim for municipal liability where the plaintiff failed to allege any facts to establish an official policy or custom); Heilman v. T.W. Ponessa & Assocs., 2008 U.S. Dist. LEXIS 6875, at *43 (M.D. Pa. Jan. 30, 2008) (same).

**IV.  CONCLUSION**

Because Plaintiff's Complaint sets forth insufficient facts to state a claim for relief against the Bucks County Defendants and the Northampton County Defendants, the Complaint is subject to dismissal as against them. Because the Court cannot determine at this time whether amendment would be futile, it will dismiss the claims against them without prejudice so that Plaintiff may, if he can do so responsibly, amend his pleading and cure its deficiencies. See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) ("[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be

inequitable or futile.").

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES W. SMITH | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-3688 |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |

### ORDER

**AND NOW**, this 28TH day of May, 2008, upon consideration of the Motions to Dismiss of the Bucks County Defendants and the Northampton County Defendants (docket nos. 7, 12), and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motions are **GRANTED**. Accordingly, the claims against Defendants County of Bucks, Harris Gubernick, Northampton County, and Northampton County Department of Corrections Director are **DISMISSED WITHOUT PREJUDICE**.

BY THE COURT:


/s/ Bruce W. Kauffman
**BRUCE W. KAUFFMAN, J.**