IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES W. SMITH | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 06-3688 |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM AND ORDER**

**Goldberg, J.**                                                                                              **December 16, 2008**

Before the Court is Defendant, City of Philadelphia's Motion to Dismiss. For the reasons discussed below, the motion will be granted.

**I. BACKGROUND**

James W. Smith (hereinafter "Plaintiff"), is a pro se inmate who has filed a §1983 action against multiple parties, including the City of Philadelphia. Plaintiff's complaint alleges that his civil rights were violated while he was incarcerated in the Curran-Fromhold Correctional Facility (hereinafter "CFCF") in that: (1) he was placed in a holding cell, transported, and processed with other inmates; (2) he was processed at CFCF; (3) he was given an armband and 5X jumpsuit; (4) he was placed in an intake block; (5) his paperwork did not state to keep him separate from the jail population; (6) his photograph was posted in the receiving room and shown to people; (7) officers came to his cell and taunted him, including stating "welcome to the big house"; (8) his legal paperwork and money were taken; (9) he gave his father's telephone number to a sergeant to call and the call was never made; (10) he asked for an escort and was not given one; (11) he was not fed or

medicated on the night of the twelfth or morning of the thirteenth; (12) he was not medicated on the eighteenth and received two cheese sandwiches and two juices; (13) he was seen by a Judge at 9:40 a.m.; and (14) he was taken out of the holding cell without notice. See Compl. ¶ ¶ 1-34.[1]

On June 27, 2008, the City of Philadelphia moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). To date, Plaintiff has failed to respond. Because the Plaintiff is appearing pro se and the Third Circuit has cautioned against granting motions to dismiss as unopposed without analyzing "whether the complaint failed to state a claim upon which relief could be granted," the Court will conduct a merit analysis on the motion. Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991).

## II. LEGAL STANDARD

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept all allegations in the complaint as true and view them in a light most favorable to the Plaintiff. Rocks v. City of Philadelphia, 868 F.2d. 644, 645 (3d Cir. 1989). The Court may only look to the facts alleged in the Complaint and its attachments when deciding a 12(b)(6) motion. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). The Court will

---

[1] Defendant's handwritten Complaint provides few dates or specific details, but it appears as if these alleged events occurred during August 2004. See Compl. ¶ 40. Additionally, paragraph 1 of the Complaint appears to concern Plaintiff's treatment while in a holding cell at the courthouse operated by the First Judicial District of Pennsylvania's Family Court Division, located at 34 South 11th Street. Paragraphs 22–34 appear to concern Plaintiff's treatment while in the custody of the Philadelphia County Office of Sheriff. Neither of the above referenced authorities are overseen or supervised by the City of Philadelphia. "Memorandum of Law in Support of Defendant City of Philadelphia's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6)," p. 3, n. 2 (doc. no. 18).

also liberally construe the Complaint because the Plaintiff is pro se. Haines v. Kerner, 404 U.S. 519, 520 (1972).

### III. DISCUSSION

42 U.S.C. §1983 states in pertinent part:

> Every person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

A plaintiff has a valid claim under 42 U.S.C. §1983 where he demonstrates that a right secured by the Constitution or laws of the United States was violated by a person acting under the color of state law. Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995). A §1983 claim must state "the conduct, time, place, and persons responsible." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980)).

Here, Plaintiff presents a series of grievances but does not specifically refer to any federal or constitutional right that was violated. A liberal reading of the Complaint could reflect that Plaintiff is pleading a violation of his Eighth Amendment rights through an alleged deliberate indifference to his medical needs in not providing him with a diabetic meal or medicine. Plaintiff has not, however, alleged sufficient facts to meet the burden of proof required for a deliberate indifference claim, which requires that he demonstrate: "(1) that the defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

To the extent that Plaintiff is claiming his civil rights were violated in that his personal property may have been misplaced or destroyed, Pennsylvania provides a constitutionally adequate post-deprivation remedy in the form of an inmate grievance procedure. See, e.g., Durham v. Dep't of Corr., 173 F. App'x 154, 157 (3d Cir. 2006). Most of Plaintiff's other claims, i.e., being given a large jumpsuit or being taken out of a holding cell without notice, are de minimis and do not state a claim for relief. See, e.g., Rhodes v. Chapman, 452 U.S. 337, 347 (1981) (explaining that restrictive and even harsh conditions are "part of the penalty that criminal offenders pay for their offenses against society"). Therefore, the Complaint must be dismissed for failure to allege any facts that state a claim against Defendant.

Furthermore, the City of Philadelphia is only liable under §1983 when Plaintiff demonstrates "that the municipality itself, through the implementation of a municipal policy or custom, cause[d] a constitutional violation." Colburn v. Upper Darby Twp., 946 F.2d 1017, 1027 (3d Cir. 1991) (citing Monell v. N.Y. City Dep't of Soc. Servs., 436 U.S. 658, 691-95 (1978)). The policy or custom itself must violate the Constitution, or be a "moving force" behind the unconstitutional tort of a municipal employee, in order for the municipality to be held liable. Id. (citing Polk County v. Dodson, 454 U.S. 312 (1981)). As Plaintiff does not allege that the City of Philadelphia implemented any customs or policies that caused the incidents to occur, the claims against the City of Philadelphia must be dismissed.

## IV. CONCLUSION

The Complaint is dismissed against the City of Philadelphia for failure to set forth sufficient facts to establish a claim for relief. Because the Court cannot determine at this time

whether amendment would be futile, the Court will dismiss the claims without prejudice so that the Plaintiff may, if he can do so responsibly, amend his pleadings to cure its deficiencies. See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

An appropriate Order follows.

                                               **BY THE COURT:**

                                               **/s/ Mitchell S. Goldberg**

                                               _____

                                             **MITCHELL S. GOLDBERG, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES W. SMITH | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 06-3688 |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |
| Defendants. | : | |
| | : | |

### ORDER

**AND NOW,** this 16th day of December, 2008, upon consideration of the City of Philadelphia's Motion to Dismiss and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the motion is **GRANTED** and the claims against Defendant City of Philadelphia are **DISMISSED WITHOUT PREJUDICE**.  Plaintiff shall have thirty (30) days to file an amended complaint setting forth a cognizable claim.

BY THE COURT:

/s/ Mitchell S. Goldberg
_____
**MITCHELL S. GOLDBERG, J.**